**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-3535-WJM-STV

LAFE DUNN,

    Plaintiff,

v.

SOUTHWEST AIRLINES CO., and
SOUTHWEST AIRLINES CO. VOLUNTARY SEPARATION PROGRAM 2020,

    Defendants.

---

**ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR TRANSFER OF VENUE AND TO DISMISS**

---

This matter is before the Court on Defendants Southwest Airlines Co. ("Southwest") and Southwest Airlines Co. Voluntary Separation Program 2020's (the "VSP") (collectively, "Defendants") Motion for Transfer of Venue and to Dismiss ("Motion") (ECF No. 13). For the following reasons, that part of the Motion seeking a transfer of venue is granted.

## I. BACKGROUND

Plaintiff Lafe Dunn is an airline pilot formerly employed by Southwest. (ECF No. 1 ¶ 11.) Effective June 2020, to contend with decreased business during the COVID-19 pandemic, Southwest implemented the VSP, an opt-in program through which eligible employees were able to voluntarily end their employment with Southwest in exchange for severance benefits. (*Id.* ¶ 7; ECF No. 13 at 2.) The VSP is subject to and governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

(ECF No. 1 ¶ 7; ECF No. 13 at 2.)

In June 2020, Dunn applied to participate in the VSP. (ECF No. 1 ¶ 22.) The Southwest Airlines Board of Trustees ("Board") determined that he was ineligible, however, and denied his application. (*Id.* ¶ 23.) Dunn sought reconsideration of the Board's decision, and Southwest's senior attorney affirmed the denial. (*Id.* ¶¶ 24–25.)

Dunn filed his Complaint on December 1, 2020. (ECF No. 1.) In his Complaint, he brings claims for benefits under the VSP and for breach of fiduciary duty. (*Id.* ¶¶ 35–51.) Dunn seeks payment of VSP benefits or monetary damages equivalent in value to the benefits. (*Id.* at 10–11 ¶¶ 1–3.)

Defendants filed their Motion on February 1, 2021, seeking transfer of this action to the United States District Court for Northern District of Texas, or, in the alternative, dismissal of the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) Dunn responded on February 18, 2021, and Defendants replied on March 4, 2021. (ECF Nos. 15 & 22.)

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Normally, the party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. *See Chrysler Credit Corp. v. Cnty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Moreover, "[i]n the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations."

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013); *see also Chrysler Credit Corp.,* 928 F.2d at 1516 (setting out factors courts consider in "an individualized, case-by-case consideration of convenience and fairness" (internal quotation marks omitted)). "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 571 U.S. at 62–63 (quoting § 1404(a)).

The calculus changes, however, when the parties have a contract containing a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* at 62–63 (alterations in original omitted). Relevant here, the Supreme Court has held that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis" in two ways:

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. . . .
>
> Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum . . . . As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.

*Id.* at 63–64.

### III. ANALYSIS

Defendants contend that the Court must transfer this action to the United States District Court for the Northern District of Texas because the VSP contained a valid forum-selection clause mandating that disputes regarding the VSP be litigated in that District. (ECF No. 13.) Dunn does not dispute the existence or validity of the forum-selection clause, but asserts that the Court should not honor the clause. (ECF No. 15 at 3.)

In light of the forum-selection clause, Dunn has the burden to demonstrate that the public-interest factors of the § 1404(a) balancing test weigh in his favor. *Atl. Marine*, 571 U.S. at 63–64. "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 63 n.6 (internal quotation marks omitted; alterations incorporated). Public-interest factors, however, "will rarely defeat a transfer motion." *Id.* at 64. Dunn faces a "heavy burden" of "showing . . . that enforcement would be unreasonable and unjust." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

Dunn first argues that ERISA provides that suit may be brought where: (1) the plan is administered, (2) the breach or violation took place, or (3) a defendant resides or may be found. (ECF No. 15 at 4; *see also* 29 U.S.C. § 1132(e)(2).) He contends that because Defendants do business at Denver International Airport, they "may be found" in

4

Colorado, and therefore venue is appropriate in this District. (ECF No. 15 at 4.)

Second, Dunn argues that Defendants carry the burden of demonstrating that the existing forum is inconvenient. (*Id.*) He asserts that the current forum is not inconvenient for Defendants, whereas transfer to Texas would burden him, as he resides in Colorado. (*Id.* at 4–5.)

Dunn misstates the relevant legal standards. As discussed above, the general standard of deference to the plaintiff's forum choice changes where a valid forum-selection clause exists. *See Atl. Marine*, 571 U.S. at 63–64. Rather, a "plaintiff's choice of forum merits no weight" where a forum-selection clause exists. *Id.* at 63. Dunn's arguments regarding the parties' private interests—such as his residence in Colorado and the inconvenience of traveling to Texas for proceedings—are unavailing for the same reason. *Id.* at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.").

Finally, Dunn argues that the Court should disregard the forum-selection clause because a transfer would negatively impact Dunn and therefore undercut ERISA's remedial goals. (ECF No. 15 at 5–6.) He cites three out-of-circuit district court cases wherein courts declined to honor forum-selection clauses in ERISA-qualified plans based on this policy rationale. (*Id.* at 6; *see also Dumont v. PepsiCo, Inc.*, 192 F. Supp. 3d 209, 222–23 (D. Me. 2016); *Coleman v. Supervalu, Inc. Short Term Disability Program*, 920 F. Supp. 2d 901, 907–08 (N.D. Ill. 2013); *Nicolas v. MCI Health & Welfare Plan No. 501*, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006).)

Although the Tenth Circuit has not spoken to the issue of whether a forum-

5

selection clause in an ERISA-qualified plan is entitled to deference, each circuit court to address the issue has held that it is. *See Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922 (6th Cir. 2014); *In re Mathias*, 867 F.3d 727, 734 (7th Cir. 2017). Additionally, the majority of district courts—including those within the Tenth Circuit—have held that forum-selection clauses are presumptively valid in the context of an ERISA plan document. *See Williams v. Ascension Health Long-Term Disability (LTD) Plan*, 2017 WL 1540635, at *2 (D. Kan. Apr. 28, 2017) (collecting cases) ("The majority of courts to consider the question have held that forum-selection clauses are not inconsistent with § 1132(e)(2) or any other provision of ERISA."); *Frontier Airlines, Inc. Ret. Plan for Pilots v. Sec. Pac. Nat'l Bank, N.A.*, 696 F. Supp. 1403, 1406 (D. Colo. 1988) (honoring forum selection clause in ERISA-qualified plan). In the context of the great weight of authority, the three cases on which Dunn relies are merely "outliers that other courts have declined to follow." *Feather v. SSM Health Care*, 216 F. Supp. 3d 934, 940 (S.D. Ill. 2016).

Moreover, in *Williams*, the court provided several reasons for permitting forum-selection clauses in ERISA-qualified plans, such as removing uncertainty as to proper venue, allowing one court to oversee the administration of a particular plan, and "promot[ing] ERISA's goal of providing a low-cost administration of employee benefits plans." *Williams*, 2017 WL 1540635, at *2. The court also noted that Congress did not expressly prohibit the inclusion of forum-selection clauses in ERISA plans. *Id.*

Given the weight of authority and the reasons articulated by the *Williams* court, the Court can discern no reason to deviate from the conclusion that a valid forum-selection clause may govern the appropriate venue in an ERISA case. The VSP

designates the Northern District of Texas as the proper venue to litigate disputes, and Dunn fails to demonstrate that this is an unusual case warranting disregard of the forum-selection clause, nor does he raise *any* public-interest factors weighing against enforcement.  Accordingly, the Court must honor the VSP's forum-selection clause and transfer this action to the United States District Court for the Northern District of Texas. *See Atl. Marine*, 571 U.S. at 64 (stating that "forum-selection clauses should control except in unusual cases").

As the Court will transfer the action, it does not reach the portion of the Motion seeking dismissal of the Complaint in the alternative to transfer.  All outstanding motions, including that portion of the Motion, are transferred to the Northern District of Texas.  *See Roe v. Gray*, 165 F. Supp. 2d 1164, 1173 (D. Colo. 2001) (finding that where a district court grants a motion to transfer based on a forum-selection clause, the transferee court should determine all aspects of the case).

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion (ECF No. 13) is GRANTED IN PART;
2. This case is TRANSFERRED to the United States District Court for the Northern District of Texas, and the Clerk shall transmit the file to the Clerk of that court;
3. The portion of the Motion seeking dismissal of the Complaint will remain pending in the Northern District of Texas; and
4. Unless and until ordered otherwise by the Northern District of Texas, unexpired deadlines in this case (if any) continue to control.

Dated this 14th day of June, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge